

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 23, 2015

Geoffrey E. Hobart, Esq.
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

  Re: United States v. Warner Chilcott Sales (U.S.) LLC

Dear Mr. Hobart:

  The United States Attorney for the District of Massachusetts and the United States Department of Justice (collectively, "the United States") and your client, Warner Chilcott Sales (U.S.) LLC ("Warner Chilcott" or "Defendant") agree as follows with respect to the above-referenced case:

  1. <u>Change of Plea</u>

  At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Plea Agreement as Exhibit A charging it with Health Care Fraud, in violation of 18 U.S.C. § 1347. Defendant expressly and unequivocally admits that it committed the crime charged in the Information, did so knowingly and willfully, and is in fact guilty of that offense. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

  2. <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties:

    a. A fine of $500,000, or twice the gross gain/loss, whichever is greater. *See* 18 U.S.C. §§ 3571(c), (d). The gross gain resulting from the offense is $16,385,714. Thus, the maximum fine is $32,771,428;

    b. A term of probation of not less than one (1) year and not more than five (5) years. *See* 18 U.S.C. § 3561(c)(1);

      c.      A mandatory special assessment of $400. *See* 18 U.S.C. § 3013;

      d.      Restitution to any victims of the offense; and

      e.      Forfeiture to the extent charged in the Information.

3.    <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, either the United States or Defendant may deem the Plea Agreement null and void. Defendant understands and acknowledges that it may not withdraw its plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

Defendant may seek sentencing by the District Court immediately following the Rule 11 plea hearing. The United States does not object to the Court proceeding to sentence Defendant immediately following the Rule 11 plea hearing or in the absence of a Presentence Report in this case, provided that appropriate notice has been afforded to potential victims consistent with Paragraph 5(d) of this Plea Agreement. Defendant understands that the decision whether to proceed immediately with the sentencing proceeding following the plea hearing, and to do so without a Presentence Report, is exclusively that of the United States District Court.

4.    <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's Guidelines fine range is calculated as follows:

- The base fine is $16,385,714, because this was the reasonably estimated pecuniary gain to Defendant from the offense. *See* USSG §§ 8C2.4(a)(2);

- Pursuant to USSG § 8C2.5, the culpability score is seven (7), determined as follows:

    (1)    The base culpability score is five (5), pursuant to USSG § 8C2.5(a);

    (2)    Four (4) points are added because the organization had 1,000 or more employees and an individual within high-level personnel of the organization participated in, condoned, or was willfully ignorant of the offense, pursuant to USSG § 8C2.5(b)(2)(A); and

    (3)    Two (2) points are deducted pursuant to USSG § 8C2.5(g)(2);

- Pursuant to USSG § 8C2.6, the appropriate multiplier range associated with a culpability score of seven is 1.4 to 2.8;

- Thus, pursuant to USSG § 8C2.7, the Guidelines fine range is $22,940,000 to $32,771,428; and

- Disgorgement pursuant to USSG § 8C2.9 is not necessary.

The parties further agree that there is no basis for a downward departure or deviation under the USSG; and that a fine within the Guidelines fine range will result in a reasonable sentence, taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3572.

The United States may, at its sole option, be released from its commitments under this Plea Agreement, including, but not limited to, its agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(e) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(f) Commits a crime; or

(g) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the United States' obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant agree that the following is a reasonable and appropriate disposition of this case, taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3572:

(a) a criminal fine in the amount of $20,940,000, to be paid within five

                business days of the date of sentencing;

(b)      a mandatory special assessment in the amount of $400, payable to the Clerk of the Court on or before the date of sentencing;

(c)      forfeiture in the amount of $2,000,000, to be paid within five days of the date of sentencing; and

(d)      with respect to restitution to non-federal victims, the United States will file a motion, pursuant to 18 U.S.C. § 3771(d)(2), requesting authorization to notify potential victims through the issuance of a press release. The United States will assess any submissions provided by potential victims and will make a recommendation to the Court regarding potential restitution. Any restitution ordered by the Court will be satisfied from the aggregate payment made by Warner Chilcott in this matter (including both the criminal fine, as well as a payment of $102,060,000 plus interest being paid to resolve the pending civil action captioned *United States ex rel. Goan v. Warner Chilcott, et al.*, C.A. No. 11-cv-105450-RGS (District of Massachusetts), pursuant to the Civil Settlement Agreement between the parties to that civil action, which is being signed contemporaneously with this Plea Agreement, and attached hereto as Exhibit B).

6.      <u>No Further Prosecution of Warner Chilcott</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States agrees that, other than the charge in the attached Information, it shall not further prosecute Warner Chilcott for any additional federal criminal charges with respect to the conduct: (a) covered by the Information; (b) that was the subject of the investigation of Warner Chilcott by the federal grand jury in Massachusetts; or (c) currently known to the United States regarding sales, promotion and marketing practices in connection with any Warner Chilcott products.

This declination is expressly contingent on (i) the guilty plea of Warner Chilcott to the attached Information being accepted by the Court and not withdrawn or otherwise challenged by Warner Chilcott; and (ii) Warner Chilcott's performance of all of its obligations, including without limitation its cooperation obligations, as set forth in this Plea Agreement. If Warner Chilcott's guilty plea is not accepted by the Court or is withdrawn for any reason, or if Warner Chilcott should fail to perform an obligation under this Plea Agreement or the Civil Settlement Agreement, this declination of prosecution shall be null and void.

The United States reserves the right to prosecute any individual, including but not limited to present and former officers, directors, employees, and agents of Warner Chilcott, in connection with the conduct encompassed by this Plea Agreement, within the scope of the grand jury investigation, or known to the United States.

4

7. <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

    (a) Defendant has conferred with its attorney and understands that it has the right to challenge its conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge its conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

    (b) Defendant has conferred with its attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241 or 18 U.S.C. § 3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

    (c) The United States Attorney agrees that it will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

    (d) Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*.

8. <u>Cooperation</u>

Warner Chilcott acknowledges that its prior, ongoing, and future cooperation is important and a material factor underlying the decision by the United States to enter into this Plea Agreement. Warner Chilcott therefore agrees to continue to cooperate fully and actively with the United States, and any other agency of the federal government designated by the United States regarding any matter about which Warner Chilcott has knowledge or information in any ongoing investigation, trial, or other proceeding arising out of any ongoing federal investigation of its current and former officers, agents, and employees on the subject matter identified in paragraphs 6(a)-(c) above. Warner Chilcott shall use reasonable best efforts to cooperate with respect to the subject matter identified in paragraphs 6(a)-(c) above and such cooperation shall include, but not be limited to the following:

(a) Completely and truthfully disclosing all non-privileged information in its possession about which the United States may reasonably inquire, including but not limited to all information about activities of Warner Chilcott and present and former officers, directors, employees and agents of Warner Chilcott;

(b) Assembling, organizing and providing all non-privileged documents, records, and other evidence in Warner Chilcott's possession, custody, or control as may reasonably be requested by the United States;

(c) Using its reasonable best efforts to make available its present and former officers, directors and employees to provide information and/or testimony as requested by the United States, including testimony before a grand jury, a trial court, other court proceeding, as well as interviews with law enforcement authorities. Cooperation under this paragraph shall include identification of witnesses who have material information concerning any criminal prosecution and/or trial, civil trial, or other legal proceedings brought by the United States against any present or former officer, director, or employee of Warner Chilcott;

(d) Providing testimony or information necessary to identify or establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any criminal or other proceeding as requested by the United States; and

(e) Providing active assistance, including assistance by current counsel and/or successor counsel, internal or external, in connection with any investigation, criminal prosecution, and/or trial, civil trial, or other legal proceeding brought by the United States against any present or former officer, director, or employee of Warner Chilcott.

However, notwithstanding any provision of this Plea Agreement, Warner Chilcott is not required to: (1) request of its current or former officers, agents, or employees that they forego seeking the advice of an attorney or that they act contrary to that advice; (2) take any action

against its officers, agents, or employees for following their attorney's advice; or (3) waive any claim of privilege or work product protection.

9. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, $2,000,000 in United States currency. Defendant admits that $2,000,000 in United States currency is subject to forfeiture on the grounds that it constitutes, or is derived from, gross proceeds traceable to the commission of Count One of the Information. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

10. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil or administrative liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

Defendant's civil liability to the United States in connection with certain of the matters under investigation by the United States is resolved in the attached Civil Settlement Agreement according to the terms of that Agreement.

11. Waiver of Defenses

Should Defendant move to withdraw or otherwise challenge its guilty plea at any time, should Defendant breach this Plea Agreement, or should the Court reject the parties' agreed-upon disposition in this case or any other aspect of this Plea Agreement, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against

pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

12. <u>Breach of Plea Agreement</u>

If the United States determines that Warner Chilcott has failed to comply with any material provision of this Plea Agreement, the United States may, at its sole option, be released from its commitments under this Plea Agreement in its entirety by notifying Warner Chilcott, through counsel or otherwise, in writing. The United States may also pursue all remedies available under the law, even if it elects not to be released from its commitments under this Plea Agreement. Warner Chilcott recognizes that no such breach by Warner Chilcott of an obligation under this Plea Agreement shall be grounds for withdrawal of its guilty plea. Warner Chilcott understands that should it breach any material provision of this Plea Agreement, the United States will have the right to use against Warner Chilcott before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Warner Chilcott, and any information, materials, documents or objects which may be provided by it to the government subsequent to this Plea Agreement, without any limitation.

Warner Chilcott understands and agrees that this Rule 11(c)(1)(C) Plea Agreement and its agreed-upon criminal disposition:

a. are wholly dependent upon Warner Chilcott's timely compliance with the material provisions of the attached Civil Settlement Agreement; and

b. failure by Warner Chilcott to comply fully with the material terms of this Plea Agreement or the attached Civil Settlement Agreement will constitute a breach of this Plea Agreement.

In the event Warner Chilcott at any time hereafter breaches any material provision of this Plea Agreement, Warner Chilcott understands that (1) the United States will, as of the date of that breach, be relieved of any obligations it may have in this Plea Agreement and the attached Civil Settlement Agreement, including but not limited to the promise not to further prosecute Warner Chilcott as set forth in this Plea Agreement; and (2) Warner Chilcott will not be relieved of its obligation to make the payments set forth in this Plea Agreement and the attached Civil Settlement Agreement, nor will it be entitled to return of any monies already paid. Moreover, in the event of a material breach of this Plea Agreement, Warner Chilcott understands and agrees that the United States may pursue any and all charges that might otherwise have been brought but for this Plea Agreement, and Warner Chilcott hereby waives, and agrees it will not interpose, any defense to any charges brought against it which it might otherwise have under the Constitution for pre-indictment delay, any statute of limitations, or the Speedy Trial Act.

13. <u>Who Is Bound By Plea Agreement</u>

On the matters set forth in Paragraph 6 above, this Plea Agreement is binding upon Warner Chilcott and the Office of the United States Attorney for the District of Massachusetts, the United States Attorney's Office for each of the other 93 judicial districts of the United States,

the Consumer Protection Branch of the Department of Justice, and the Criminal Division of the United States Department of Justice. A copy of the letter to United States Attorney Carmen M. Ortiz from the Assistant Attorney General, Criminal Division, Department of Justice, authorizing this Plea Agreement is attached as Exhibit C. Warner Chilcott understands that this Plea Agreement does not bind any state or local prosecutive authorities, the Tax Division of the U.S. Department of Justice, or the Internal Revenue Service of the U.S. Department of the Treasury.

14. Corporate Authorization

Warner Chilcott's acknowledgement of this Plea Agreement and execution of this Plea Agreement is attached as Exhibit D.

15. Complete Agreement

This Plea Agreement, the attachments hereto, and the side letter with Allergan plc (attached as Exhibit E) set forth the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this Plea Agreement, its attachments and the side letter. This Plea Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the United States and your client, Warner Chilcott, please have the authorized representative of Warner Chilcott sign the Corporate Acknowledgment of Plea Agreement, and please sign the certification (Exhibit D). Return the original of the Corporate Acknowledgment of Plea Agreement to Assistant U.S. Attorney David S. Schumacher.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division